IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50436
Summary Calendar
_____

YOLUNDA SURITA,

                                        Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(A-01-CV-509-SC)
--------------------
December 12, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Yolunda Surita appeals the district court's denial of her petition seeking review of the Commissioner of Social Security's decision denying supplemental security income and disability insurance benefits. She contends that the Administrative Law Judge ("ALJ") failed to advise her of her right to representation, erred in assessing her psychological impairments, and failed to pose a correct hypothetical question to the vocational expert.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The record establishes that Surita waived her right to representation at the hearing and that any lack of representation did not prejudice her by preventing her from fully developing her claims or by causing confusion in the record. See Ripley v. Chater, 67 F.3d 552, 557 (5th Cir. 1995). Surita's argument that the ALJ did not fully consider the opinion of her treating physician is without merit; the physician's reports did not support a determination that Surita was disabled. Substantial evidence supports the ALJ's determination that Surita was not disabled by her psychological impairments. See Leggett v. Chater, 67 F.3d 558, 564-65 (5th Cir. 1995). It was unnecessary for the ALJ to pose a hypothetical to the vocational expert because the ALJ relied on § 201.24 of Appendix 2, Subpart P, Regulation No. 4 (the medical-vocational guidelines or "grid") in determining that Surita was not disabled and Surita has not challenged the ALJ's use of the grid. See Fraga v. Bowen, 810 F.2d 1296, 1304-05 (5th Cir. 1987). AFFIRMED.